IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

GYIASH BENTLEY O/B/O N.L.,          )
                                    )
      Plaintiff,                    )
                                    )
v.                                  )          CASE NO. 3:20-CV-188-KFP
                                    )
KILOLO KIJAKAZI,[1]                 )
Acting Commissioner of Social Security,  )
                                    )
      Defendant.                    )

## MEMORANDUM OPINION AND ORDER

On June 22, 2016, Plaintiff filed an application for Supplemental Security Income

on behalf of her minor son, N.L., alleging a disability onset date of July 1, 2013. R. 64,

203. Following a hearing, the Administrative Law Judge denied Plaintiff's application on

April 25, 2019 (R. 18-33), and the Appeals Council denied Plaintiff's Request for Review

on February 12, 2020 (R. 1). Thus, the ALJ's decision became the final decision of the

Commissioner of Social Security, which is now ripe for judicial review under 42 U.S.C.

§ 405(g). Upon review, this matter is REVERSED and REMANDED to the Commissioner

for further consideration of the entire record.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party under Rule 25(d) of the Federal Rules of Civil Procedure. *See also* 42 U.S.C. § 405(g) (providing that an action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

## I.      STANDARD OF REVIEW

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope is limited to determining whether substantial evidence in the record as a whole supports the Commissioner's decision and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence is more than a scintilla but less than a preponderance. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner and, even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision is supported by substantial evidence. *Winschel*, 631 F.3d at 1178; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.     STATUTORY AND REGULATORY FRAMEWORK

A claimant (or his parent or guardian) bears the burden of providing evidence that he is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912(a), (c); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). For a child under the age of 18 to be considered disabled and eligible for SSI under the Act, the child must have a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C). The phrase "marked and severe functional limitations" refers to "a level of severity that meets, medically equals, or functionally

equals" the Listing of Impairments found at 20 C.F.R. § 404, subpart P, appendix 1. 20 C.F.R. § 416.902(h), (o).

In evaluating a claim for child's SSI benefits, the Commissioner follows a three-step evaluation process. At step one, the Commissioner determines whether the claimant is performing substantial gainful activity. *See* 20 C.F.R. § 416.972. If the individual is not, the analysis proceeds to the second step. *See* 20 C.F.R. § 416.924(b).

At the second step, the Commissioner determines whether the claimant has a medically determinable impairment or a combination of impairments that is severe. *See* 20 C.F.R. § 416.924(a). For a child under the age of 18, a medically determinable impairment or combination of impairments is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. *See* 20 C.F.R. § 416.924(c). If the claimant does not have a severe medically determinable impairment or combination of impairments, he is not disabled. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step. *See* 20 C.F.R. § 416.924(a).

At step three, the Commissioner determines whether the claimant has an impairment or combination of impairments that meets, medically equals, or functionally equals the severity of a Listing. In making this determination, the Commissioner must consider the combined effect of all medically determinable impairments, including those that are not severe. *See* 20 C.F.R. §§ 416.923, 416.924a(b)(4), 416.926a(a), (c). If the claimant has an impairment or combination of impairments that meets, medically equals, or functionally equals the severity of a Listing, and it has lasted or is expected to last for a continuous

period of at least 12 months, he is presumed to be disabled. If not, the claimant is not disabled. *See* 20 C.F.R. § 416.924(d).

A claimant's impairment meets or medically equals a Listing only where it "satisfies all of the criteria of that [L]isting, including any relevant criteria in the introduction [section]." 20 C.F.R. § 404.1525(c)(3). To satisfy all the criteria of a Listing, a claimant must (i) have a diagnosis included in the Listings and (ii) provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (citations omitted); *see also* 20 C.F.R. §§ 416.925, 416.926. "For a claimant to show that his impairment matches a [L]isting, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

If a child's impairment or combination of impairments does not meet or medically equal a Listing, the ALJ will evaluate whether a child's impairment functionally equals a Listing by considering the following six broad functional areas, called domains: (i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and (vi) Health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If a child has an extreme limitation in one domain or marked limitations in two domains, the child's impairment is functionally equivalent to a listed impairment. *See* 20 C.F.R. § 416.926a(d).

## III.   FACTUAL BACKGROUND

N.L. was a school-aged[2] child from the date of his application through the date the ALJ issued his unfavorable decision. R. 33, 203. Plaintiff alleges N.L. has been disabled since July 1, 2013 due to ADHD, difficulty writing, nervousness, and shakes. R. 203, 234.

## IV.   THE ALJ'S DECISION

In his April 25, 2019 decision, the ALJ determined N.L. had severe impairments of ADHD, mood disorder, and mild fine motor tremor. R. 24. Despite these impairments, the ALJ determined N.L. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listings. *Id.* In making this finding, the ALJ noted that N.L. had not demonstrated marked or extreme limitations of mental functioning or other findings sufficient to meet or equal the Listing criteria, and this finding was consistent with those of the State agency pediatric and psychological experts who found that no Listing was met or medically equaled. *Id.* Finally, the ALJ determined N.L. did not have an impairment or combination of impairments that functionally equaled the severity of the Listings. R. 24-32. Specifically, the ALJ found a less than marked limitation in acquiring and using information (R. 28), attending and completing tasks (R. 29), interacting and relating with others (R. 30), and moving about and manipulating objects (R. 31) and no limitation in N.L.'s ability to care for himself (R. 32) and health and physical well-being (*id.*). Accordingly, the ALJ found that N.L. was not disabled. R. 32-33.

---

[2] *See* 20 C.F.R. § 416.926a(g)(2)(iv) (defining school-aged as "age 6 to attainment of age 12").

V.    **ISSUES BEFORE THE COURT**

Plaintiff presents three issues for the Court to consider in its review of the Commissioner's decision:

1.   Did the ALJ err by finding that N.L. did not have an impairment or combination of impairments that met or medically equaled Listing 112.11?

2.   Did the ALJ err by finding that N.L. did not have an impairment or combination of impairments that functionally equaled the severity of the Listings?

3.   Did the ALJ err by failing to meaningfully address Mrs. Williams's teacher statement?[3]

*See* Doc. 18 at 2.

VI.   **DISCUSSION**

A.   **The ALJ's finding that N.L. did not have an impairment or combination of impairments that functionally equaled the severity of the Listings is not supported by substantial evidence.[4]**

Plaintiff argues that the ALJ failed to properly account for specific evidence that N.L. has marked or extreme limitations in attending and completing tasks and interacting and relating with others. Doc. 18 at 7. The Eleventh Circuit has made clear that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision" so long as the decision enables the Court to conclude that the ALJ properly considered the claimant's condition as a whole. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir.

_____

[3] Plaintiff's third issue appears to overlap with her second issue, which is that the ALJ failed to consider or mention significant portions of the record supporting a disability finding and instead "cherry-picked" evidence supportive of his decision. Accordingly, the Court will address both issues together.

[4] Because this issue is dispositive with respect to remand, the Court addresses it at the outset and pretermits review of the other issue(s) Plaintiff raised.

2005)). Here, the ALJ's perfunctory discussion of the record evidence and failure to address certain evidence both strengthening and weakening his determination does not enable the Court to confidently reach such a conclusion.

1.   <u>Record Evidence Utilized by the ALJ</u>

In his decision, the ALJ first discussed N.L.'s educational records. R. 25. He noted that N.L.'s teachers and tutor have noted significant concerns surrounding his hyperactivity and inattentiveness, but his teachers also described him as a happy, friendly, and kind child. *Id.* N.L.'s intelligence test scores were generally average, but his achievement scores were lower, indicating a discrepancy between his ability and achievement. *Id.* With school accommodation and ADHD medication, N.L.'s educational performance improved from third to fifth grade; he was promoted each year on schedule and earned As and Bs in the fifth grade. *Id.*

The ALJ next discussed Plaintiff's hearing testimony. R. 26. Plaintiff testified that N.L. does not get along with his three siblings and often has to be separated from them, have things taken away from him, and be disciplined. *Id.* She described N.L. as moody and sometimes aggressive. *Id.* N.L. does not follow routine well unless he is monitored and prompted. *Id.* He has difficulty finishing tasks and homework, his teacher complains that he is always off task, and he needs multiple reminders and must often be redirected and placed by himself. *Id.* Although he was receiving tutoring, that was discontinued due to his behavioral issues. *Id.* Additionally, N.L. sometimes acts inappropriately under the circumstances, such as playing and laughing at a funeral, and he does not handle frustration appropriately. *Id.*

Lastly, the ALJ discussed N.L.'s medical records. Since his application date, N.L. has received regular care through Prime Care Medical Center and East Alabama Medical Center for, among other things, ADHD medication management. *Id.* According to his pediatrician, his ADHD has improved "somewhat" with medication. *Id.* In September 2016, Dr. Michelle DeRamus performed a consultative psychological examination and observed N.L.'s hyperactivity and inattention as well as some deficits in intellectual functioning that the ALJ found to be inconsistent with N.L.'s school test results. *Id.* Later that month, Dr. Gary Harrelson performed an internal medicine consultative examination, at which N.L. was calm and did not talk much. R. 26-27. Since December 6, 2016, N.L. received individual counseling and case management on a once or twice monthly basis through East Central Mental Health Center for ADHD and mood disorder. R. 27. Despite treatment, he reportedly made minimal progress. *Id.*

Upon consideration of this evidence, the ALJ noted that, while N.L.'s medically determinable impairments could reasonably be expected to produce the alleged symptoms, the statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the overall evidence because:

> Most notably, [N.L.] does have significant ADHD and mood symptoms, but his current grades demonstrate good academic ability. This appears to support improvement since third grade when he received some lower grades and is consistent with his pediatrician's indication that the ADHD medications are helping improve his functioning (even if they do not last the full day . . .).

*Id.* The ALJ further relied heavily on N.L.'s grades in determining that N.L. had less than marked limitations in attending and completing tasks. As to this functional equivalence domain, the ALJ stated:

> As would be expected of a child with ADHD and mood disorder, [N.L.'s] mother, teachers and tutor have noted significant concerns surrounding his hyperactivity and inattentiveness. However, as detailed above, the child has shown significant improvement in his academic performance with the help of counseling and ADHD medication. Notably, he has been promoted each year on schedule and is currently earning As and Bs . . . . Based on the record, it is clear that he has some degree of functional limitation in this area, due to his impairments; however, there is insufficient support in the record to find the claimant has a marked limitation in this area, particularly given his good grades.

R. 29. As to interacting and relating with others, the ALJ stated:

> [N.L.'s] mother testified that the child has difficulty getting along with other children and often fights with and has to be separated from his siblings. He is receiving counseling for [mood disorder] and is noted to have some issues with aggressiveness, irritability, and mood swings . . . . That being said, his teachers have also described him as a happy, friendly, and kind child . . . . A review of the medical evidence of record indicates that [N.L.] has typically been cooperative during his appointments. Therefore, I find a less than marked limitation in this domain.

*Id.*

### 2.     Record Evidence Not Mentioned by the ALJ

Upon review of the ALJ's decision and the record as a whole, it appears that the ALJ either glossed over, or wholly omitted, relevant evidence from his decision that may support a finding of disability. While the Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner, it must nevertheless ensure that all the record evidence was considered and that the decision reached is reasonable in light of that evidence. *See Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir.

1987) ("Despite th[e] deferential standard [for review of claims], it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached.") (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984). While it is entirely possible the ALJ properly considered all necessary evidence and nevertheless found N.L. not disabled, his decision, as written, does not enable the Court to make that finding.

In determining that N.L. had a less than marked limitation in the domain of attending and completing tasks, the ALJ cursorily noted that N.L.'s mother, teachers, and tutor have significant concerns with his hyperactivity and inattentiveness but found that his good grades demonstrate a less than marked limitation. R. 29. However, the ALJ largely failed to address these "significant concerns" in any detail, including evidence that N.L. cannot perform household chores or schoolwork independently (R. 626, 627, 665, 764, 949); he has difficulty completing tasks at school even in special education (R. 54, 489); his special education teacher must remind him or prompt him to do things repeatedly before he can act upon it and reports that he is unable to follow multi-step directions (R. 489); and he has demonstrated difficulty answering basic cognitive questions (R. 627), engaging in classroom activities (R. 54, 638, 665, 667-668), and being oriented to time, place, and situations (R. 932, 941-942, 947-948, 950-951). Additionally, while the ALJ cited favorably to a letter written by N.L.'s special education teacher when noting N.L.'s improvement in grades (R. 25, 28-29), he wholly failed to address other portions of the

letter regarding N.L.'s significant lack of focus that reportedly "adversely impacts his ability to be successful in school." R. 489.[5]

Again, the ALJ may have properly considered this evidence and nevertheless determined that N.L. is not disabled. But without any discussion of this evidence in his decision, it is not clear to the Court that the ALJ did not simply cherry-pick evidence that favored his determination. *See Baldwin v. Berryhill*, 746 F. App'x 580, 583 (7th Cir. 2018) (noting that an ALJ may not "simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding" because "[o]nly then can [the court] be sure that the final determination reflects the ALJ's assessment of all of the evidence in the record") (citation omitted). Given the plethora of undiscussed evidence that undercuts the ALJ's disability finding, the Court does not find it reasonable to conclude that, simply based on improved grades, N.L. has less than marked limitations in attending and completing tasks.

Similarly, in determining that N.L. had a less than marked limitation in the domain of interacting and relating with others, the ALJ cursorily noted that N.L. has difficulty getting along with other children and reportedly has some issues with aggressiveness, irritability, and mood swings, but the fact that N.L.'s teachers have described him as happy,

---

[5] *See also Wilson ex rel. T.M.W. v. Colvin*, No. 2:12-307, 2013 WL 788075, at *8 (S.D. Ala. Mar. 1, 2013):

> The ALJ could have chosen to discredit [the teacher's] questionnaire.[] But the ALJ cannot ignore [the] questionnaire. And she certainly cannot "pick and choose" evidence from that questionnaire that supports her conclusion and ignore evidence that does not. The Commissioner must evaluate the evidence in its entirety, and the failure to do so leaves this Court no[] choice but to find that the ALJ's decision is not supported by substantial evidence.

friendly, and kind and that he is generally cooperative during medical appointments indicates a less than marked limitation. R. 30. Again, the ALJ failed to address evidence of N.L.'s purported issues in any detail, including that N.L. has also been noted as uncooperative at appointments (R. 950); he picks fights with his peers (R. 51, 626, 665); and he has exhibited numerous verbal and physical altercations as well as explosive anger and a poor attitude toward authority figures, siblings, and peers (R. 660, 665, 703, 709, 764, 952). For the same reasons addressed above, in light of the dearth of discussion of this evidence, the Court cannot conclude that this determination was based on the record as a whole.

Accordingly, the ALJ's finding that N.L. did not have an impairment or combination of impairments that functionally equals the severity of the Listings is not, as presently explained, supported by substantial evidence. To the extent the ALJ failed to consider all the record evidence both supporting and undermining his disability finding, he must do so. To the extent the ALJ considered the entire record and based his determinations on all the relevant evidence as a whole, he must make that clear in his decision.

## VII.  CONCLUSION

For the reasons set forth above, it is ORDERED that:

1.      This matter is REVERSED and REMANDED to the Commissioner for additional proceedings consistent with this opinion.

2.      A final judgment will be entered separately.

DONE this 10th day of March, 2022.


/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE